**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FANGYUN HE,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 17-71765<br><br>Agency No. A200-250-004<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023**

Before:  OWENS, LEE, and BUMATAY, Circuit Judges.

Fangyun He, a native and citizen of the People's Republic of China, petitions

for review of the Board of Immigration Appeals' ("BIA") decision affirming the denial

of her application for asylum, withholding of removal, and Convention Against Torture

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT").[1] We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F. 3d 1238, 1241 (9th Cir. 2020). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. The BIA denied He asylum based on the IJ's adverse credibility finding. Substantial evidence supports that determination. For example, after claiming to be arrested and beaten for attending an unsanctioned church, He did not leave China for several months despite having a valid student visa. He also claimed to have studied pharmaceutical engineering for four years, but she could not describe the field except to say that it is "to produce drugs." Even though she stated she had been a practicing Christian for years and claims persecution based on her religion, she failed to answer basic questions about Christianity. While He offers some explanations for her inconsistencies, the IJ and BIA were entitled to not credit her explanations. *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011). Further, the IJ and BIA found that He's documentary evidence did little to rehabilitate her testimony or corroborate her claims.

2. Because He's credibility determination supports the denial of asylum, it

---

[1] Before the immigration judge ("IJ"), the IJ only addressed He's asylum application based on counsel's apparent representation that He was waiving her withholding of removal and CAT claims. He challenged that waiver finding before the BIA. The BIA affirmed the waiver finding but alternatively concluded that the IJ's adverse credibility finding also supported the denial of withholding of removal and CAT relief.

follows that that the denial of withholding of removal is also supported. *See Alvarez-Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir. 2003).[2]

3.   The adverse credibility findings also support the denial of CAT.  "An adverse credibility determination does not, by itself, necessarily defeat a CAT claim, because CAT claims are analytically separate from claims for withholding of removal.  Rather, in determining whether a petitioner will more likely than not be tortured if returned to his or her home country, all evidence relevant to the possibility of future torture shall be considered. . . . Unless clear indications exist that the IJ or BIA did not consider the documentary evidence, general language that the agency considered all the evidence before it is sufficient." *Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (simplified).   And here, nothing demonstrates that the BIA neglected to consider all of the evidence before it.

The temporary stay of removal remains in place until issuance of the mandate.

**DENIED.**

---

[2] Because the adverse credibility finding supports the denial of asylum and withholding of removal, we do not address He's alternative arguments regarding persecution.